UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

HILARIO MARTINEZ,

           Plaintiff,

   v.

CITY OF PITTSBURG, et al.

           Defendants.

No. C 11-01017 LB

**ORDER RE: THE PARTIES' DISCOVERY DISPUTE CONCERNING PLAINTIFF'S RAP SHEET**

Plaintiff Hilario Martinez filed this action against the City of Pittsburgh, its police department, and several of its police officers for violating 42 U.S.C. § 1983, malicious prosecution, and conspiracy. Complaint, ECF No. 1.[1] The gist of the complaint is that Plaintiff was improperly arrested, charged, and prosecuted in violation of his constitutional rights. He went to trial and was acquitted. *See People v. Martinez*, Contra Costa County Case No. 162025-1 (the "Underlying Criminal Action").

On December 8, 2011, the parties filed a stipulated protective order, which this court subsequently approved. Stipulated Protective Order ("SPO"), ECF No. 29; 12/21/2011 Order, ECF No. 33.

At the same time, Plaintiff also alerted this court to a discovery dispute. Plaintiff's Letter, ECF No. 29-1. Apparently, Plaintiff requested from the Contra Costa County District Attorney's Office

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-01017 LB

(the "DA's Office") a copy of the prosecution's case file in the Underlying Criminal Action, and the DA's Office has produced most of it.  But as Plaintiff describes, he and the DA's Office "have not reached an agreement as to whether or not [Plaintiff's] RAP sheet[, which is included in the case file,] is required to be produced to the Plaintiff in the above-captioned matter."  Plaintiff's Letter, ECF No. 29-1 at 1.  The DA's Office has so far refused to turn it over, because, it says, "California Penal Code §[§] 11142 and 13300 make it a misdemeanor to furnish such information to an unauthorized person."  DA Office's Letter to the Court at 1.  In lieu of briefing the issue, the parties "agreed to leave the issue up to [the court] for ultimate resolution," Plaintiff's Letter, ECF No. 29-1 at 1, and the DA's Office simply submitted Plaintiff's rap sheet to the court for *in camera* inspection, DA Office's Letter to the Court.

The statutes cited by the DA's Office do state that, in some circumstances, it is a misdemeanor to provide a certain criminal history information to unauthorized persons.  *See*, *e.g.*, Cal. Penal Code § 11142 ("Any person authorized by law to receive a record or information obtained from a record who knowingly furnishes the record or information to a person who is not authorized by law to receive the record or information is guilty of a misdemeanor.").  But this is not the case in all circumstances.  *See*, *e.g.*, Cal. Penal Code § 13300(b)(1)-(17) (providing that a local agency shall furnish local summary criminal history information to numerous listed entities and individuals in certain circumstances).  And the court observes that a person may have access to his own criminal history information.  S*ee* Office of the Attorney General, "Criminal Records – Request Your Own," http://www.ag.ca.gov/fingerprints/security.php (last accessed Dec. 21, 2011).  Without any briefing from the parties, the court cannot resolve the parties' dispute at this time.  Thus, to the extent they are unable to resolve this dispute on their own (now that a protective order is in place), they may file, no later than December 30, 2011, a joint letter that sets out each issue in a separate section that includes each parties' position (with appropriate legal authority) and proposed compromise.  The court then will review the letter and decide whether future proceedings are necessary.

**IT IS SO ORDERED.**

Dated: December 22, 2011

LAUREL BEELER
United States Magistrate Judge

C 11-01017 LB

2