UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| HILARIO MARTINEZ, | No. C 11-01017 LB |
| Plaintiff, | **SECOND ORDER RE: THE PARTIES' DISCOVERY DISPUTE CONCERNING PLAINTIFF'S RAP SHEET** |
| v. | |
| CITY OF PITTSBURG, et al. | |
| Defendants. | |

Plaintiff Hilario Martinez filed this action against the City of Pittsburgh, its police department, and several of its police officers for violating 42 U.S.C. § 1983, malicious prosecution, and conspiracy. Complaint, ECF No. 1.[1] The gist of the complaint is that Plaintiff was improperly arrested, charged, and prosecuted in violation of his constitutional rights. He went to trial and was acquitted. *See People v. Martinez*, Contra Costa County Case No. 162025-1 (the "Underlying Criminal Action").

On December 8, 2011, the parties filed a stipulated protective order, which this court subsequently approved. Stipulated Protective Order ("SPO"), ECF No. 29; 12/21/2011 Order, ECF No. 33.

At the same time, Plaintiff also alerted this court to a discovery dispute. Plaintiff's Letter, ECF No. 29-1. Apparently, Plaintiff requested from the Contra Costa County District Attorney's Office

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-01017 LB

1  (the "DA's Office") a copy of the prosecution's case file in the Underlying Criminal Action, and the
2  DA's Office has produced most of it.  But as Plaintiff describes, he and the DA's Office "have not
3  reached an agreement as to whether or not [Plaintiff's] RAP sheet[, which is included in the case
4  file,] is required to be produced to the Plaintiff in the above-captioned matter."  Plaintiff's Letter,
5  ECF No. 29-1 at 1.  The DA's Office has so far refused to turn it over, because, it says, "California
6  Penal Code §[§] 11142 and 13300 make it a misdemeanor to furnish such information to an
7  unauthorized person."  DA Office's Letter to the Court at 1.  In lieu of briefing the issue, the parties
8  "agreed to leave the issue up to [the court] for ultimate resolution," Plaintiff's Letter, ECF No. 29-1
9  at 1, and the DA's Office simply submitted Plaintiff's rap sheet to the court for *in camera*
10 inspection, DA Office's Letter to the Court.

11  Upon an initial review of the parties' positions, the court directed them to comply with the
12 undersigned's Standing Order and to submit a joint letter providing further discussion of their
13 dispute.  12/22/2011 Order, ECF No. 34.  On December 29, 2011, they submitted a letter describing
14 the parties' efforts to resolve the dispute and providing further authority regarding the DA's Office
15 position that it cannot produce Plaintiff's rap sheet without a court order.  12/29/2011 Letter, ECF
16 No. 37.

17  After considering their arguments and cited authority, the court believes that such an order is
18 appropriate.  Accordingly, the DA's Office is ORDERED to produce, pursuant to the terms of the
19 Stipulated Protective Order, a copy of Plaintiff's rap sheet to Plaintiff within 7 days of the date of
20 this order.

21  This disposes of ECF Nos. 29-1, 37.

22  **IT IS SO ORDERED.**

23 Dated: January 3, 2012

_____
LAUREL BEELER
United States Magistrate Judge