UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| HILARIO MARTINEZ, | No. C 11-01017 SBA (LB) |
| Plaintiff, | **ORDER REGARDING THE PARTIES JANUARY 31, 2012 JOINT DISCOVERY LETTER** |
| v. | |
| CITY OF PITTSBURG, et al. | [Re: ECF No. 42] |
| Defendants. | |

## I. BACKGROUND

Plaintiff Hilario Martinez filed this action against the City of Pittsburgh (the "City"), its police department, and several of its police officers (Daniel Buck ("Officer Buck"), Chunliam Saechao ("Officer Saechao"), Ryan Wilkie ("Officer Wilkie"), and Brian Scott ("Officer Scott")) (collectively, the "Officer Defendants") for violating 42 U.S.C. § 1983, malicious prosecution, and conspiracy. Complaint, ECF No. 1.[1] The gist of the complaint is that, on June 8, 2009, Mr. Martinez was improperly arrested, charged, and prosecuted in violation of his constitutional rights. He went to trial and was acquitted. *See People v. Martinez*, Contra Costa County Case No. 162025-

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-01017 SBA (LB)

1 (the "Underlying Criminal Action").[2]

On January 31, 2012, as required by the procedures set forth in the undersigned's standing order, Mr. Martinez and the City filed a joint letter describing numerous disputes concerning Mr. Martinez's requests for production of documents ("RFPs") and requests for admission ("RFAs"). 01/31/2012 Joint Letter, ECF No. 42. The court deems the matter suitable for determination without oral argument.

## II. LEGAL STANDARD

Subject to the limitations imposed by subsection (b)(2)(C), under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

## III. DISCUSSION

A. The Disputed Requests for Production of Documents

   1. RFP Nos. 5 and 6

Mr. Martinez's RFP Nos. 5 and 6 seek documents concerning the investigations of (1) a "July 5, 2007 Personnel Complaint made by Morton Bradley regarding the alleged misconduct of Officer D. Pearman" and (2) a "February 10, 2009 Personnel Complaint made by Erica [Erika] Johnson

---

[2] On December 8, 2011, the parties filed a stipulated protective order in relation to the production of the Contra Costa County District Attorney's file in the Underlying Criminal Action, which this court subsequently approved. Stipulated Protective Order ("SPO"), ECF No. 29; 12/21/2011 Order, ECF No. 33.

1  regarding the alleged misconduct of Officer Peiorman [Pierman] a.k.a. Jason Kid (as identified by
2  Erika Johnson)." Joint Letter, ECF No. 42 at 2, 5.  The City objected to producing documents
3  responsive to these RFPs because: (1) the documents are protected by the attorney-client privilege
4  and/or attorney work-product doctrine; (2) the documents are protected by the privilege under
5  California Penal Code § 832.7; (3) producing the documents would violate the officers' rights of
6  privacy; and (4) the RFPs are overbroad and not reasonably calculated to lead to the discovery of
7  admissible evidence.  Joint Letter, ECF No. 42 at 3, 5.  Nevertheless, without waiving the
8  objections, the City offered to provide a copy of "Morton Bradley's" complaint and the names and
9  addresses of any witnesses interviewed as part of the two investigations once a protective order is in
10 place.  Joint Letter, ECF No. 42 at 4, 6.

11   Despite exceeding the undersigned's page limit for joint discovery letters by nineteen pages,
12 the parties provided the court with no indication of who "Morton Bradley," "Officer D. Pearman,"
13 "Erica Johnson," or "Officer Peiorman" are or how they are at all relevant to this action.  They are
14 not parties to this action, nor are they mentioned in the complaint, and the court will not review
15 every document filed to determine whether the documents requested are relevant to this case.
16 Moreover, given that the City represents that different officers were involved, the City's proposed
17 compromise is reasonable.

18   2.  RFP No. 7

19   Mr. Martinez's RFP No. 7 seeks documents concerning an investigation of a "July 27, 2009
20 Personnel Complaint made by [Mr. Martinez] regarding the alleged conduct of Officer Buck and
21 Officer Saechao." Joint Letter, ECF No. 42 at 6.

22   From what the court can glean from the parties' factually-sparse joint letter, it appears that Mr.
23 Martinez filed a complaint against Officer Buck and Officer Saechao with respect to the conduct on
24 which this action is based, and now Mr. Martinez seeks documents concerning the City's
25 investigation of his complaint.  *See* Joint Letter, ECF No. 42 at 6-7.  The City objected to producing
26 documents responsive to this RFP because: (1) the documents are protected by the privilege under
27 California Penal Code § 832.7; (2) producing the documents would violate the officers' rights of
28 privacy; and (3) the RFPs are overbroad and not reasonably calculated to lead to the discovery of

C 11-01017 SBA (LB)
3

1 admissible evidence. Joint Letter, ECF No. 42 at 6-7.[3] Nevertheless, the City offered to produce a
2 copy of Mr. Martinez's complaint and the names and addresses of any witnesses interviewed as part
3 of the investigation once a protective order is in place. Joint Letter, ECF No. 42 at 7.

4     The California Penal Code requires law enforcement agencies to investigate complaints against
5 officers and retain these confidential records as part of the officer's personnel records. *See* Cal. Pen.
6 Code § 832.5, 832.7. California Penal Code § 832.7(a) provides that "[p]eace officer personnel
7 records . . . are confidential and shall not be disclosed by the department or agency that employs the
8 peace officer in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and
9 1046 of the Evidence Code." California Evidence Code § 1043, in turn, requires prior judicial or
10 administrative authorization for discovery or disclosure of police officer personnel records.

11     "Questions of privilege that arise in the course of the adjudication of federal rights are 'governed
12 by the principles of the common law as they may be interpreted by the courts of the United States in
13 the light of reason and experience.'" *United States v. Zolin*, 491 U.S. 554, 562 (1989) (quoting
14 Federal Rule of Evidence 501); *see Heathman v. United States District Court*, 503 F.2d 1032, 1034
15 (9th Cir. 1974) ("[I]n federal question cases the clear weight of authority and logic supports
16 reference to federal law on the issue of the existence and scope of an asserted privilege.").[4]
17 Accordingly, the City's California law-based privilege arguments are inapposite.[5] *See*, *e.g.*,

---

[3] In the parties' joint letter, the City argues that the documents are also protected by the attorney-client privilege and the attorney work-product doctrine. Even if they are, because the City failed to include these objections in its response to RFP No. 7, they are waived. *See* Fed. R. Civ. P. 26(b)(5)(A) (party must expressly make privilege claim); Fed. R. Civ. P. 34(b)(2)(C) (objections to an RFP must be stated); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

[4] Federal law applies to privilege based discovery disputes involving federal claims, even if allied with by pendent state law claims. *See*, *e.g.*, *Pagano v. Oroville Hospital*, 145 F.R.D. 683, 687 (E.D. Cal. 1993); *Martinez v. City of Stockton*, 132 F.R.D. 677, 681–83 (E.D. Cal. 1990).

[5] Although the City does not so argue, federal common law recognizes a qualified privilege for official information. *Kerr v. U.S. Dist. Ct. for the Northern Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975). "In determining what level of protection should be afforded by this privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are

1  *Herring v. Clark*, No. 1:05–cv–00079–LJO–SMS–PC, 2011 WL 2433672, at *5 (E.D. Cal. June 14,
2  2011); *see also Jackson v. County of Sacramento*, 175 F.R.D. 653, 655 (E.D. Cal., Sep. 11, 1997)
3  (California Penal Code § 832.7 "creates no litigation privilege" in federal court).
4      The City is correct, though, that federal courts recognize a right of privacy respecting
5  confidential law enforcement records. *Kelly v. City of San Jose*, 114 F.R.D. 653, 660-61 (N.D. Cal.
6  1987); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995).[6]  Such claims are closely
7  scrutinized when the documents at issue are related to the officers' work with the police department.
8  *Soto*, 162 F.R.D. at 616 (suggesting that internal investigation files are not protected by right of
9  privacy when documents "related simply to the officers' work as police officers") (citing *Denver*
10 *Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981)).  If an individual's
11 privacy is at stake, courts balance "the need for the information sought against the privacy right
12 asserted." *Soto*, 162 F.R.D. at 616.
13     Current case law suggests the privacy interests police officers have in their records do not
14 outweigh a plaintiff's interests in civil rights cases. *See Soto*, 162 F.R.D. at 617; *Hampton v. City of*
15 *San Diego*, 147 F.R.D. 227, 230 (S.D. Cal. 1993); *Miller v. Pancucci*, 141 F.R.D. 292, 301 (C.D.
16 Cal. 1992).  In addition, officers' privacy concerns may be sufficiently protected with the use of a
17 "tightly drawn" protective order which specifies that only the plaintiff, his counsel, and his experts
18 may have access to the material, and that copies of such material will be returned to the defendants

---

weighed against the interests of the governmental entity asserting the privilege." *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (citing *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *cert den.*, 502 U.S. 957 (1991); *Hampton v. City of San Diego*, 147 F.R.D. 227, 230-31 (S.D. Cal. 1993); *Miller* v. Pancucci, 141 F.R.D. 292, 300 (C.D. Cal. 1992); *Kelly v. City of San Jose, 114* F.R.D. 653, 660 (N.D. Cal. 1987)). "In the context of civil rights suits against police departments, this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" *Id.* (quoting *Kelly*, 114 F.R.D. at 661).  However, in light of the City's failure to present any argument to tip the scales in the other direction, the court need not address this issue here.

[6] As one court has noted, "[t]his federal 'qualified' governmental privilege is consistent with California statutes according a qualified privilege to peace officer personnel records." *Doyle v. Gonzales*, No. S-11-0066 GEB GGH, 2011 WL 3925045, at *4 (E.D. Cal. Sep. 7, 2011) (citing Cal. Pen. Code § 832.7).

C 11-01017 SBA (LB)
5

1  at the conclusion of the case. *See Kelly*, 114 F.R.D. at 662, 666, 671; *Hampton*, 147 F.R.D. at 231;
2  *Miller*, 141 F.R.D. at 301. The court sees no reason (and the City provided none) to depart from this
3  reasoning. Here, the records are related to the acts underlying this action, and the parties could enter
4  into a protective order to minimize privacy concerns.

5  Finally, the court does not find Mr. Martinez's request to be overbroad. It is limited to
6  documents related to the investigation of his complaint – a complaint that was based on the acts
7  underlying this action. Moreover, the City failed to make any overbreadth argument in the parties'
8  joint letter, and boilerplate objections to a request for a production are not sufficient. *Burlington*
9  *Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1449 (9th Cir. 2005).

10  Accordingly, the City shall produce documents responsive to RFP No. 7 once a protective order
11  is in place.

12  <u>3. RFP Nos. 10 and 12</u>

13  Mr. Martinez's RFP Nos. 10 and 12 seek the personnel files for Officer Buck and Officer
14  Saechao. Joint Letter, ECF No. 42 at 8, 9. The City made the same objections as it did to RFP No.
15  7, except that the City also argues in the parties' joint letter that any documents related to salary and
16  benefits is not relevant to this action. Joint Letter, ECF No. 42 at 8, 9. Nevertheless, the City
17  offered to produce copies of the officers' training records, subject to a protective order. Joint Letter,
18  ECF No. 42 at 8, 9.

19  With respect to the City's California Penal Code § 832.7 and right of privacy arguments, the
20  court's reasoning above applies equally here, so they are rejected. However, the court agrees with
21  the City that the officers' salary and benefits information is not relevant to this case, and Mr.
22  Martinez makes no argument otherwise, aside from conclusorily stating that the City's proposal to
23  hold anything back "is contrary to the aforementioned authorities." Joint Letter, ECF No. 42 at 8, 9.
24  Accordingly, with the exception of documents related to the officers' salaries or benefits, the City
25  shall produce documents responsive to RFP Nos. 10 and 12 once a protective order is in place

26  <u>4. RFP Nos. 21, 22, 23, 24, 25, and 26</u>

27  Mr. Martinez's RFP No. 21 seeks "[a]ny and all citizen complaints, written in any manner,
28  against your department personnel from June 8, 1999 to the present." Joint Letter, ECF No. 42 at

C 11-01017 SBA (LB)
6

1    10.  His RFP Nos. 22-26 go on to seek the same documents over the same time period, but for
2    specific categories: complaints alleging that the reporting of an incident was inaccurate (RFP No.
3    22); complaints alleging excessive force (RFP No. 23); complaints alleging wrongful or false arrest
4    (RFP No. 24); complaints alleging unprofessional behavior (RFP No. 25); complaints in which the
5    City's investigation found no unlawful or policy-violative conduct but where the complaining
6    citizen later prevailed in a court of law after trial (RFP No. 26). Joint Letter, ECF No. 42 at 10-13.
7    In other words, RFP Nos. 22-26 are all encompassed by RFP No. 21.[7]

8        The City made the same objections to all of these RFPs.  The City objected to producing
9    documents responsive to RFP Nos. 21-26 because: (1) the documents are protected by the privilege
10   under California Penal Code § 832.7; (2) producing the documents would violate the officers' rights
11   of privacy;(3) the RFPs are overbroad and not reasonably calculated to lead to the discovery of
12   admissible evidence, and (4) production would be overly burdensome.  Nevertheless, the City
13   offered to produce documents responsive to the RFPs going back five years from the present.  Joint
14   Letter, ECF No. 42 at 10-14.

15       The City's first, second, and third objections fail for the same reasons as described above.  As for
16   the City's fourth objection (burden), Mr. Martinez argues that the City's claims are unsupported.
17   Joint Letter, ECF No. 42 at 10.  On the other hand, Mr. Martinez did not even attempt to put forth a
18   reason that ten years of complaints are needed here.  The court believes that the City's offer is a
19   reasonable one that will provide Mr. Martinez with information relevant to his claims and will
20   reduce the City's burden in producing it.  Accordingly, the City shall produce documents responsive
21   to RFP Nos. 21-26 from five years to the present.

22       <u>5.  RFP Nos. 27 and 28</u>

23       Mr. Martinez's RFP Nos. 27 and 28 seek "records, writings, or notations" that form the City's
24   systems "for tracking civilian complaints against Pittsburg police officers" and "for adequately

---

[7] The City's proposed compromise with respect to RFP No. 21 – that the City will produce complaints <u>related to the use of physical force by an officer</u> – suggests that the Mr. Martinez's RFP No. 21 does not seek all complaints, but, rather, seeks complaints related to the use of physical force by an officer.  *See* Joint Letter, ECF No. 42 at 10.  In other words, the parties may have misstated the language of RFP No. 21 in their joint letter.

C 11-01017 SBA (LB)

7

1  monitoring identified 'problem officers,'" where "problem officers" are defined as Pittsburg police
2  officers who have had more than two civilian complaints made against them. Joint Letter, ECF No.
3  42 at 14, 15. The City objected to producing documents responsive to these RFPs because: (1) they
4  are, with respect to "problem officers," vague, ambiguous, overbroad, burdensome, lack foundation,
5  and assume facts not in evidence; (2) they are not calculated to lead to the discovery of admissible
6  evidence; (3) the documents are protected by the privilege under California Penal Code § 832.7; and
7  (4) producing the documents would violate the officers' right to privacy. Joint Letter, ECF No. 42 at
8  14, 15. Nevertheless, the City offered to allow Mr. Martinez to produce documents subject to the
9  redaction of any information that has been inputted on the forms used to track civilian complaints
10 (which are "working access document[s] on the police department's computer system"). Joint
11 Letter, ECF No. 14, 15.

12    Based on the parties' joint letter, it is not clear whether there is any pending dispute about these
13 RFPs. It sounds like the City is going to produce the forms it uses, and Mr. Martinez does not say
14 anything in the parties' joint letter about whether this is sufficient or not. Instead, for his "position,"
15 he merely states, "Same discussion as to Request No. 5," but it is not clear how that applies (other
16 than arguing against the City's privilege objections). In any case, the City's compromise is
17 reasonable, and the City should produce the redacted documents.

18 B.  The Disputed Requests for Admission

19    1. RFA No. 27 and 40

20    Mr. Martinez's RFA Nos. 27 and 40 ask the City to admit or deny that "the conduct of" Officer
21 Buck and Officer Saechao "was intentional." Joint Letter, ECF No. 42 at 16, 17. The City objected
22 on the ground that these RFAs were vague, ambiguous, unintelligible, and overbroad. Joint Letter,
23 ECF No. 42 at 16, 18.

24    In the parties' joint letter, the City argues that "[i]t is unclear where the 'conduct' of [the
25 officers] on June 8, 2009 is to begin and where it is to end." Joint Letter, ECF No. 42 at 17, 18.
26 This is a problem because, "[a]s the circumstances of the event unfolded," Officer Buck and Officer
27 Saechao "intended to take certain actions in response to Mr. Martinez's actions," so "[e]ach action
28 must be addressed separately." Joint Letter, ECF No. 42 at 17, 18. In that regard, the City is willing

to respond to RFAs that specifically identify each action taken by each officer. Joint Letter, ECF No. 42 at 17, 18.

Mr. Martinez believes that he has made it clear which actions are encompassed by the RFAs. In prior correspondence between counsel, Mr. Martinez's counsel stated that the conduct was meant to include (at least with respect to RFP No. 27 and Officer Buck[8]), Officer Buck's touching of Mr. Martinez and throwing him to the ground and striking him, Officer Buck's participation in the deliberate tripping and striking of Mr. Martinez after he was handcuffed, and Officer Buck's "alleged deliberate misstatement of what happened in Officer Buck's contact with Mr. Martinez in Officer Buck's written report." Joint Letter, ECF No. 42 at 17.

The court agrees with the City. The RFAs, as made, are vague and ambiguous regarding the conduct for which an admission or denial is requested. Mr. Martinez's attempts to informally clarify do not remedy this problem. Even as purportedly clarified by him, the RFAs still refer to numerous separate acts. Accordingly, the City need not respond further to RFA Nos. 27 and 40. The court, though, accepts the City's compromise position that it will respond to RFAs that more specifically identify each action taken by each officer.

2.  RFA Nos. 89 and 90

Mr. Martinez's RFA Nos. 89 and 90 ask the City to admit or deny that he was prosecuted in state court for violating California Penal Code §§ 68 and 148(a)(1) "based upon the reporting of the June 8, 2009 incident between [Mr. Martinez] and [the Officer Defendants]. Joint Letter, ECF No. 42 at 18, 19. The City responded to these RFAs by admitting that Mr. Martinez was prosecuted for violating these statutes "based on the June 8, 2009 incident which involved [Mr. Martinez] and [Officer Buck and Officer Saechao]." Joint Letter, ECF No. 42 at 18, 19. In other words, Mr. Martinez asked if he was prosecuted based upon <u>the reporting of</u> the incident, but the City admitted to prosecuting him based upon the incident itself.

As Mr. Martinez correctly points out, the City cannot respond to RFAs that were not made. Rule 36(a)(4) provides:

---

[8] Regarding RFP No. 90, which concerns the conduct of Officer Saechao, Mr. Martinez only states: "Same discussion as to Request No. 27."

C 11-01017 SBA (LB)

9

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Here, the City admitted slightly different RFAs than were asked. This is not an option under Rule 36(a)(4). *See* Fed. R. Civ. P. 36(a)(4); *Marchand v. Mercy Medical Center*, 22 F.3d 933, 938 (9th Cir. 1994) ("[T]o aid the quest for relevant information parties should not seek to evade disclosure by quibbling and objection. They should admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted."). The court believes that in the context of these RFAs, the City can respond directly and then clarify in a manner similar to its existing response. Accordingly, the City shall provide amended responses to RFA Nos. 89 and 90.[9]

### 3. RFA No. 107

Mr. Martinez's RFA No. 107 asks the City to admit or deny that no officer was disciplined in connection with Mr. Martinez's July 27, 2009 personnel complaint regarding the June 8, 2009 conduct of Officer Buck and Officer Saechao. Joint Letter, ECF No. 42 at 20. The City objected to this RFA on the ground that it seeks information that is protected by the privilege under California Penal Code § 832.7 and disclosure of the information would violate the officers' privacy rights. Joint Letter, ECF No. 42 at 20.

For the same reasons stated above, the City's privilege and privacy arguments are inapposite and uncompelling. The City shall respond to RFA No. 107.

### 4. RFA No. 108

Mr. Martinez's RFA No. 108 asks the City to admit or deny that "no personnel complaint made

---

[9] In the parties' joint letter, the City states that it "was unaware that [its] response was insufficient from the in-person meet and confer" between counsel and that it is willing to amend its responses. Joint Letter, ECF No. 42 at 19. If this true – that is, that the parties appear not to have sufficiently met and conferred with respect to these RFAs and realized that the dispute likely could be resolved — the court is at loss as to why the parties still included this "dispute" in their joint letter and, thus, required the court to spend even minimal attention to it.

C 11-01017 SBA (LB)
10

1  by anyone from 1999 to the present has been found by you to be 'substantiated.'" Joint Letter, ECF
2  No. 42 at 21. The City objected to this RFA on the grounds that it seeks information that is
3  protected by the privilege under California Penal Code § 832.7, that disclosure of the information
4  would violate the officers' privacy rights, and that it is overbroad. Joint Letter, ECF No. 42 at 21.
5  Nevertheless, the City offered to provide a response with respect to complaints made from the past
6  five years to the present. Joint Letter, ECF No. 42 at 21.

7  The City's first two objections fail for the same reasons as stated above. Its overbreath
8  objection, however, is reasonably made. The court sees no reason, and Mr. Martinez puts forth
9  none, why such a long time period is necessary. Accordingly, the City shall, per its offer, provide a
10 response to RFA No. 108 with respect to complaints made from the past five years to the present.

11 <u>5.  RFA Nos. 110 and 111</u>

12 Mr. Martinez's RFA Nos. 110 and 111 asks the City to admit or deny that it was "aware, within
13 2 years of June 8, 2009," that "Hilario Martinez, Jr." [Mr. Martinez's son] "lived" or "was possibly
14 living at" 1269 Beacon Street, Pittsburg, California, 94565. Joint Letter, ECF No. 42 at 21, 22. The
15 City objected to these RFAs as overbroad and burdensome, but nevertheless stated that it was unable
16 to admit or deny them. Joint Letter, ECF No. 42 at 22.

17 As explained above, Rule 36(a)(4) provides that "[i]f a matter is not admitted, the answer must
18 specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." It
19 also provides that "[t]he answering party may assert lack of knowledge or information as a reason
20 for failing to admit or deny only if the party states that it has made a reasonable inquiry and that the
21 information it knows or can readily obtain is insufficient to enable it to admit or deny." The City's
22 responses stating, without explanation, that it was unable to admit or deny the RFAs clearly are not
23 sufficient, and its explanation in the parties' joint letter is not, as described above, the proper method
24 by which to provide it. Accordingly, the City shall further respond to RFA Nos. 110 and 111.

## IV.  CONCLUSION

26 Based on the foregoing, within 7 days from the date of this order, the parties shall meet-and-
27 confer with respect to a stipulated protective order that covers the discovery at issue, and they shall
28 submit it for the court's approval. Once it is approved, the City shall have 7 days to produce

responsive documents, in the manner described above, to RFP Nos. 5-7, 10, 12, 21-26, and 27-28 and to RFA Nos. 89-90, 107-08, and 110-111.

This disposes of ECF No. 42.

**IT IS SO ORDERED.**

Dated: March 1, 2012

_____
LAUREL BEELER
United States Magistrate Judge