UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| HILARIO MARTINEZ,<br><br>          Plaintiff,<br><br>    v.<br><br>CITY OF PITTSBURG, et al.,<br><br>          Defendants.<br>_____/ | No. C 11-01017 SBA (LB)<br><br>**ORDER (1) GRANTING PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND (2) ORDERING NON-PARTY JAVIER ORTIZ TO APPEAR AND SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO APPEAR AT HIS DEPOSITION**<br><br>[Re: ECF No. 41] |

## I. INTRODUCTION

In this federal civil rights action, Plaintiff Hilario Martinez served a Rule 45 subpoena on non-party Javier Ortiz for a deposition that was to occur on December 6, 2011. Lagos Declaration, Exh. B, Subpoena, ECF No. 41-2 at 8-10; *id.*, Exh. C, Proof of Service, ECF No. 41-2 at 12; *see* Fed. R. Civ. P. 45. After Mr. Ortiz refused service and failed to appear at his deposition, Mr. Martinez asked the district court to order Mr. Ortiz to appear and show cause why he should not be held in civil contempt for failing to appear at his deposition. Application, ECF No. 41 at 7. Mr. Martinez also asks for $3,112.50, which are the litigation costs that he incurred after Mr. Ortiz did not appear for his deposition. *Id*. The presiding district judge previously referred the case to a magistrate judge for all discovery purposes. Order of Referral, ECF No. 27. Because his application involves a discovery dispute, and at the court's direction, Mr. Martinez noticed the application for hearing on

1 March 1, 2012.  01/18/2012 Order, ECF No. 40; Re-Notice of Motion, ECF No. 41-1.  Mr. Ortiz did

2 not respond to Mr. Martinez's application or appear at the hearing on March 1, 2012.

3 For good cause shown, the court orders Mr. Ortiz to appear before this court on March 15, 2012

4 at 11:00 a.m. to show cause why he should not be held in civil contempt for failure to appear at his

5 deposition..

## II. BACKGROUND

7 On March 4, 2011, Mr. Martinez filed this civil rights action against the City of Pittsburg, its

8 police department, and several of its police officers, claiming wrongful arrest, excessive force during

9 the arrest, wrongful prosecution in state court for resisting arrest, and other constitutional violations.

10 Complaint, ECF No. 1.[1]  Ultimately, Mr. Martinez was acquitted in the state criminal case against

11 him.  *See People v. Martinez*, Contra Costa County Case No. 162025-1.

12 Mr. Ortiz witnessed Mr. Martinez's arrest and was interviewed by the police.  Lagos

13 Declaration, Exh. A, Ortiz Statement, ECF No. 41-2 at 5-6.  Mr. Martinez then tried to depose Mr.

14 Ortiz, serving him with a subpoena on November 28, 2011, and noticing the deposition for

15 December 6, 2011.  Lagos Declaration, Exh. B, Subpoena, ECF No. 42-2 at 8-10.  The subpoena,

16 which contained all required information[2], was personally delivered to Mr. Ortiz by a person at least

17 18 years of age and was accompanied by a $60.00 check payable to Mr. Ortiz to cover the statutory

18 witness fee for one day's attendance (currently $40.00) and reasonable mileage.  Lagos Declaration,

19 Exh C, Proof of Service, ECF No. 41-2 at 12; Kravin Declaration, ECF No. 41-4 at 2, ¶ 2; *see* Fed.

20 R. Civ. P. 45(b)(1); 28 U.S.C. § 1821.  According to the process server, Mr. Ortiz refused to keep

21 the papers, placed them on the process server's vehicle, and stated that he would not appear for his

22 deposition.  Riesterer Declaration, ECF No. 41-3 at 2, ¶ 4; Kravin Declaration, ECF No. 41-4 at 2, ¶

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[2] The subpoena stated the name of the issuing court, the title of the action, the time and location of the deposition, and the method of recording it.  Lagos Declaration, Exh. B, Subpoena, ECF No. 42-2 at 8; *see* Fed. R. Civ. P. 45(a)(1)(A)(i)-(iii) & (a)(1)(B).  It also attached, as required, a copy of Federal Rule of Civil Procedure 45(c) and (d), which relate to the rights of a subpoenaed party.  Lagos Declaration, Exh. B, Subpoena, ECF No. 42-2 at 10; *see* Fed. R. Civ. P. 45(a)(1)(A)(iv).

1  3. The process server took the papers and left them on the driveway to Mr. Ortiz's home. Kravin
2  Declaration, ECF No. 41-4 at 2, ¶ 3. The next day, Mr. Martinez's counsel mailed Mr. Ortiz a letter
3  that explained that Mr. Ortiz's failure to appear would violate the subpoena and could subject him to
4  monetary sanctions (such as attorney's fees and costs that are reasonably incurred as a result of his
5  failure to appear) and/or could result in the court finding him in contempt (with the possibility of his
6  being placed in jail). Lagos Declaration, Exh. D, 11/29/2011 Letter, ECF No. 41-2 at 14-15.[3]
7  Despite this warning, on December 6, 2011, Mr. Ortiz failed to appear for his deposition. Lagos
8  Declaration, Exh. F, Ortiz Deposition Transcript, ECF No. 41-2 at 23-29.

9  Mr. Martinez then asked the court to issue an order to show cause to Mr. Ortiz why he should
10 not be held in civil contempt for failing to appear at his deposition. Application, ECF No. 41 at 7.
11 Mr. Martinez also asks for $3,112.50, the costs it incurred based on Mr. Ortiz's failure to appear.
12 *Id.*; Lagos Declaration, ECF No. 41-2 at 2-3, ¶¶ 4-5. Plaintiff noticed the application for March 1,
13 2012, and the papers were "delivered by hand to the residence of Javier Ortiz located at 1181
14 Beacon Street, Apt. B, Pittsburg, CA, 94565" on January 26, 2012. Proof of Service, ECF No. 41-5
15 at 2-3.[4] Mr. Ortiz did not file any opposition. The court held a hearing on March 1, 2011, but Mr.
16 Ortiz failed to appear.

### III. DISCUSSION

18 The court addresses the sufficiency of the subpoena first and then turns to the consequences of
19 Mr. Ortiz's non-compliance.

20 A. Sufficiency of Subpoena and Service

21 A subpoena shall "command each person to whom it is directed to attend and give testimony or
22 to produce and permit inspection and copying of designated books, documents or tangible things in

---

[3] On November 30, 2011, Mr. Martinez's counsel received an envelope from an unidentified sender that contained the $60.00 witness fee check (which had been voided) and two copies of the subpoena, along with a note that explained that the enclosed check and subpoenas had been found on the street at the intersection of Beacon Street and 10th Street in Pittsburg, California. Lagos Declaration, Exh. E, Note and Enclosed Documents, ECF No. 41-2 at 17-22.

[4] The proof of service that was filed does not indicate whether Mr. Ortiz or another person accepted personal service of the papers or whether the papers were simply left at the residence.

ORDER (C 11-01017 SBA (LB))
3

the possession, custody or control of that person." Fed. R. Civ. P. 45(a)(1)(iii). As described above, the subpoena contained all required information (such as the time and place of the deposition) and was personally delivered to Mr. Ortiz on November 28, 2011. *See* Fed. R. Civ. P. (a)(1)(A)-(B) & (b)(1); *see also Prescott v. County of Stanislaus*, No. 1:10-cv-00592 JLT, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012) ("A majority of courts interpret "delivering" to require personal service.") (citations omitted). Thus, it was valid and properly served on Mr. Ortiz. Mr. Ortiz's refusal to keep the papers after they were properly served on him does not render their service invalid. *See*, *e.g.*, *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1136 (9th Cir. 2009) (in the context of Rule 4, explaining that "[s]ufficient service may be found where there is a good faith effort to comply with the requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendants knowing and intentional actions to evade service").

B.   <u>Sanction for Non-Compliance With Valid Subpoena: Contempt and Rule 37(a)(5) Costs/Fees</u>

Because the subpoena was valid and properly served, the court turns to the consequences of Mr. Ortiz's non-compliance with it.

Rule 45(e) allows a court to "hold in contempt a [non-party] who, having been served, fails without adequate notice to obey the subpoena." *See also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) (citing and discussing previous subsection of former Rule 45). Subpoenas issued by attorneys are issued on behalf of the court and thus are treated as orders of the court. *United States Sec. & Exh. Comm'n v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010); *Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 455 (D. Md. 2001) (citing Advisory Comm. Notes to Rule 45(a), 1991 amend.). If a party seeks a contempt sanction against a non-party, the non-party has a right to be heard in a meaningful fashion. *Hyatt*, 621 F.3d at 696-97.

A contempt charge against a nonparty may be criminal or civil in nature. *See Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 778 (9th Cir. 1983). Criminal contempt is punitive, and it is designed to punish the affront to the court. *See Gompers v. Bucks*, 221 U.S. 418, 441 (1911); *see also In re Sequoia Auto Brokers LTD., Inc.*, 827 F.2d 1281, 1283 n.1 (9th Cir. 1987). Thus, it may include fines payable to the court (as opposed to Mr. Martinez), and it also may include jail

time. 18 U.S.C. § 401.

Plaintiff asks for the court to hold Mr. Ortiz in civil contempt. Civil contempt is characterized by the court's desire to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries which result from the non-compliance. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). A district court has wide latitude in determining whether there has been a contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). A civil contempt order must be accompanied by a "purge" condition, meaning, it must give the contemnor an opportunity to comply with the order before payment of the fine or other sanction becomes due. *De Parcq v. U.S. District Court for Southern Dist. of Iowa*, 235 F.2d 692, 699 (8th Cir. 1956) ("[C]ivil contempt is conditional in nature and can be terminated if the contemnor purges himself of the contempt.") (citing *Gompers*, 221 U.S. at 442-44) In imposing civil contempt sanctions, the court must impose the least possible sanction to coerce the contemnor to comply with the order. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992) ("Generally, the minimum sanction necessary to obtain compliance is to be imposed.") (citing *Spallone v. United States*, 493 U.S. 265, 280 (1990)). Where the purpose of the contempt order is to ensure a party's compliance, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Bademyan v. Receivable Management Services Corporation*, No. CV-08-00519, 2009 WL 605789, at *3 (C.D. Cal. Mar. 9, 2009) (citing *Whittaker*, 953 F.2d at 516).

To establish civil contempt, Plaintiff must show by clear and convincing evidence that Mr. Ortiz violated a specific order of the court. *See FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). If Plaintiff meets that burden, Mr. Ortiz then must show that he took every reasonable step to comply with the subpoena and to articulate reasons why compliance was not possible. *See Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983). A court may consider a history of noncompliance and a failure to comply despite the pendency of a contempt motion. *See Stone*, 968 F.2d at 856-57. If an alleged contemnor's actions were taken in good faith or based on a reasonable interpretation, he should not be held in contempt. *See id.*

As discussed above, Mr. Martinez has shown that Mr. Ortiz violated a specific and definite order of the court by failing to appear for his deposition on December 6, 2011. The court thus grants Mr. Martinez's application for an order to show cause. *See Prescott*, 2012 WL 10617, at *4 (employing this procedure); *Rodriguez v. County of Stanislaus*, No. 1:08-cv-00856 OWW GSA, 2010 WL 3733843, at *6 (Sep. 16, 2010) (proper procedure is issuing the order to show cause).

The court denies Mr. Martinez's request for costs and fees without prejudice. There are two grounds for awarding the costs and fees: as a contempt sanction to coerce compliance with the subpoena for a deposition or as a sanction under Rule 37(a)(5). *See General Ins. Co. of America v. Eastern Consolidated Utilities, Inc.*, 126 F.3d 215, 220 (3rd Cir. 1997) (nonparty contemnor ordered to pay $500 for expenses and attorneys fees); Fed. R. Civ. P. 37(a)(5) (relating to the payment of expenses with respect to a motion to compel). As a contempt sanction, awarding the costs is premature at this juncture, but Mr. Ortiz is warned that a financial penalty is a possible contempt sanction.

As a sanction under Rule 37(a)(5), Mr. Martinez's request fails for two reasons. First, in this District, all motions for sanctions must be filed as separately noticed motions, not as a part of a motion to compel. N.D. Cal. Civ. L.R. 7-8.[5] Mr. Martinez did not do so, and his motion for sanctions fails for this reason. Second, even if he had, Rule 37(a)(5) provides that if a party's motion to compel is granted, "the court must, after giving an opportunity to be heard, require the . . . deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." But when a non-party does not comply with a subpoena and does not appear for deposition, the most appropriate procedural step is to file an application for an order to show cause, not a motion to compel. *See*, *e.g.*, *Prescott*, 2012 WL 10617,

---

[5] Civil Local Rule 7-8 provides in full: "Any motion for sanctions, regardless of the sources of authority invoked, must comply with the following: (a) The motion must be separately filed and the date for hearing must be set in conformance with Civil L.R. 7-2; (b) The form of the motion must comply with Civil L.R. 7-2; (c) The motion must comply with any applicable Fed. R. Civ. P. and must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate; and (d) Unless otherwise ordered by the Court, no motion for sanctions may be served and filed more than 14 days after entry of judgment by the District Court."
N.D. Cal. Civ. L.R. 7-8.

at *4 (construing defendants' motion to compel a non-party to appear for deposition as an application for an order to show cause why the non-party should not be held in contempt); *Rodriguez*, 2010 WL 3733843, at *6 ("Here, Defendants have failed to employ the appropriate mechanism within which to compel Ms. Torres' deposition. Because Ms. Torres is a non-party to this action, Defendants should have filed an application for an order to show cause why sanctions should not be imposed for Ms. Torres' failure to appear at the deposition. *See* Fed .R. Civ. P. 45(e). Instead, Defendants have filed the instant motion, asking this Court for an order compelling Ms. Torres to attend a deposition."); *Ceremello v. City of Dixon*, No. CIV S-04-1423 DFL EFB, 2006 WL 2989002, at *2 (E.D. Cal. Oct. 18, 2006) ("As explained at the hearing, the 'motion to compel,' which is the remedy under the Federal Rules to compel a party's compliance with a discovery request, is not the applicable procedure to address [a non-party's] alleged refusal to obey a duly-issued subpoena."). Mr. Martinez's motion to compel, and his request for sanctions under Rule 37(a)(5), then, fails for this reason as well, at least at this time.[6]

### IV. CONCLUSION AND ORDER TO SHOW CAUSE TO JAVIER ORTIZ

Based on the foregoing, Mr. Martinez's application for an order to show cause is GRANTED. Mr. Martinez's motion to compel and for sanctions is DENIED.

Mr. Ortiz is ORDERED to appear before the undersigned on March 15, 2012 at 11:00 a.m. in Courtroom 4, Third Floor, United States District Court, 1301 Clay St., Oakland, California, 94612 to show cause why he should be held in contempt for his failure to comply with the subpoena and appear for his deposition. Should Mr. Ortiz arrange with Mr. Martinez's counsel (Law Offices of Panos Lagos, 5032 Woodminster Lane, Oakland, California, 94602-2614, Tel: (510) 530-4078, Fax: (510) 530-4725, email: panoslagos@aol.com) to appear for a deposition prior to March 15, 2012, the

---

[6] Mr. Martinez also neglected to cite the remainder of the Rule, which goes on to state that the court need not order this payment "if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(i)-(iii). For this reason, whether to impose discovery sanctions is, contrary to Mr. Martinez's suggestion, a matter of the court's discretion. *Forro Precision, Inc. v. IBM Corp.*, 673 F.2d 1045, 1053 (9th Cir. 1982) (citing *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980)).

ORDER (C 11-01017 SBA (LB))
7

parties shall notify the court immediately, and the March 15, 2012 show cause hearing will be vacated and Mr. Ortiz will not need to be appear on March 15, 2012..

Failure to comply with this order to show cause may subject Mr. Ortiz to the contempt sanctions set forth in the previous section.

The United States Marshal is directed to serve this order on Javier Ortiz at 1181 Beacon Street, Apt. B, Pittsburg, California, 94565 as soon as is practicable.

This disposes of ECF No. 41.

**IT IS SO ORDERED.**

Dated: March 1, 2012

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (C 11-01017 SBA (LB))

8